

# Fourth Court of Appeals
## San Antonio, Texas

March 19, 2020

No. 04-20-00124-CV

Billy **STONE** dba Stobil Enterprise and All Occupants,
Appellant

v.

**K CLARK PROPERTY MANAGEMENT LLC**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2020CV00366
Honorable J Frank Davis, Judge Presiding

# O R D E R

This is an appeal in a forcible detainer action in which the county court signed a judgment of possession in favor of appellee on February 7, 2020. A review of the clerk's record shows the county clerk issued a writ of possession seeking to enforce that judgment on February 14, 2020. On March 13, 2020, appellee filed a motion to dismiss this appeal. In its motion, appellee states that the sheriff executed the writ of possession on February 27, 2020, and therefore, the appeal is moot because appellant is no longer in possession of the property.

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When an appellant fails to file a supersedeas bond in the amount set by the county court, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless he (1) timely and clearly expressed his intent to appeal and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786-87.

Because appellant did not file a supersedeas bond and it appears the writ of possession was executed, this appeal may be moot. We therefore **ORDER** appellant to file a written

response **by April 20, 2020** explaining whether the writ of possession was executed and why this appeal should not be dismissed as moot.

All other appellate deadlines are suspended until further order of this court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of March, 2020.

_____
Michael A. Cruz,
Clerk of Court